IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 07-00211-01-CR-W-SOW |
| | ) | |
| WILLIAM CHARLES BROWN, JR., | ) | |
| | ) | |
| Defendant. | ) | |

GOVERNMENT'S SUGGESTIONS IN OPPOSITION
TO THE DEFENDANT'S MOTION TO SUPPRESS

Comes now the United States of America, by and through its undersigned counsel, in opposition to the defendant's Motion to Suppress Evidence. The government respectfully suggests that these claims are without merit and the defendant's motion should be denied. The government makes the following suggestions in support of its opposition to the defendant's motion to suppress.

FACTUAL BACKGROUND

I.  Procedural Background

On June 20, 2007, a grand jury returned a one count indictment against the defendant charging him with one count of being a felon in possession of a firearm on June 6, 2007, all in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On September 11, 2005, the defendant filed a Motion to Suppress Evidence. This matter is currently set on the November 26, 2007, trial docket.

II.   Summary of Facts

On June 6, 2007, at approximately 1:00 p.m. Kansas City, Missouri Police detectives Knapp, Roberts and Gentry were at Denny's Guns, located at 201 Clay Street, North Kansas City, Clay County, Missouri. They saw a man later identified as the defendant, William Charles Brown, Jr., enter the store and ask the clerk for a magazine for a "Tec 9." The store clerk asked Brown about the gun and Brown removed it from his right front pants pocket. The store clerk was unable to sell a magazine to Brown and Brown left the store with the gun in his pants. The detectives thought Brown looked too young to be able to carry a concealed firearm and they continued to watch him.

The detectives watched Brown leave the store with the gun concealed in his pants and get into a car with others. The car traveled east on Armor Road, then south on Interstate 29. Detectives contacted Center Patrol Zone dispatch to have a marked patrol vehicle stop Brown, in order to determine his age and whether he was properly licensed to carry a concealed firearm. Officer Bussell stopped the car Brown was driving and made contact with him. Officers Rooney, White and Sergeants Hatcher and Bryant also responded to assist. Four adult occupants were ordered from the vehicle along with one small child.[1] Brown initially identified himself as Rakin Brown, but Officer Rooney knew him from prior contacts and knew him to be William Brown. A computer inquiry revealed Brown had outstanding arrest warrants and he was placed under arrest.[2] Tiffany Strawn, to whom the car belonged, gave consent to search her car and the

---

[1]This same small child accompanied Brown inside the gun store.

[2]The defendant did not possess a valid concealed carry license, nor would he qualify for one if he had applied.

2

Case 4:07-cr-00211-SOW   Document 20   Filed 09/20/07   Page 2 of 7

officers recovered an Intertec Model AB-10, 9mm pistol, serial number A028026, from the trunk of the car.

Brown later gave a written statement to detectives after waiving his *Miranda* rights. Brown admitted that he provided the officers with a false name and that he possessed the pistol. Brown said he did not own it, but was trying to buy a magazine for it for some other guy. This "other guy" apparently gave him $50 to buy a magazine for it. Brown said he knew he was a felon and could not possess a gun.

## DISCUSSION

I. <u>The officers had Reasonable Suspicion to Stop the Car Brown was a Passenger in to Determine Whether Brown Possessed a Valid License to Carry a Concealed Firearm.</u>

The defendant argues that the officers lacked reasonable suspicion to stop the car he in which he was a passenger.[3] The defendant wrongly asserts that there is no longer a law violation for carrying a concealed weapon in Missouri. Further, the defendant claims that because he showed a driver's license to the store clerk that therefore he must have been legal age. Both of defendant's claims are meritless. "Under the *Terry* standard, law enforcement officers are permitted to detain an individual for a brief period of time if they have reasonable suspicion that criminal activity is afoot." *United States v. Walker*, 494 F.3d 688, 691 (8th Cir. 2007)(citing *Terry v. Ohio* 392 U.S. 1, 30 (1968)). "[T]he Fourth Amendment only requires that police articulate some minimal objective justification for an investigatory stop." *United States v. Fuse*, 391 F.3d 924, 929 (8th Cir. 2004). In this case three Kansas City, Missouri Police detectives

---

[3]The defendant asserts that he has standing to challenge the stop and search as a passenger, which the government does not contest.

3

Case 4:07-cr-00211-SOW   Document 20   Filed 09/20/07   Page 3 of 7

observed Brown carry a firearm concealed in his pants and they believed that in their training and experience that he looked too young to be licensed to do so.

The defendant wrongly asserts that there is no longer a law violation in Missouri to carry a concealed weapon, citing Missouri Revised Statues Chapter 571.101. V.A.M.S. § 571.101. It is still a violation of Missouri law to possess a concealed firearm without a valid license. "A person commits the crime of unlawful use of weapons if he or she knowingly: (1) carries concealed upon or about his or her person . . a firearm . . . readily capable of lethal use." V.A.M.S. § 571.030. The statute cited by the defendant lists the application and qualification requirements to obtain a concealed carry license. V.A.M.S. § 571.101. Someone who has obtained and possessed a valid concealed carry license does not thereby violate the law when they carry a concealed firearm on or about their person. V.A.M.S. § 571.030.4. The defendant did not possess a concealed carry license, nor would he have qualified for such a license.

One of the qualifications to obtain a concealed carry permit is that the person be at least 23 years of age. V.A.M.S. § 571.101.2(1). At the time of his arrest, June 6, 2007, the defendant was only 22 years of age, date of birth August 14, 1984. Thus, the detectives' trained eyes properly identified the defendant as someone who, based upon his appearance, reasonably appeared younger than 23 years old. At the very least this was sufficient to give rise to reasonable suspicion that the defendant was committing a crime.

The defendant claims that he showed a license to the store clerk and that this act should have dispelled any suspicion on the part of the detectives as to the defendant's age. This claim is also meritless. Assuming the detectives saw the defendant hand his driver's license to the store clerk, they had no idea what the store clerk's purpose was in checking the defendant's

identification or what the store clerk observed. The store clerk could have been looking at the defendant's photograph, name, address, date of birth, or for a concealed carry endorsement. The fact that the defendant ultimately did not purchase a magazine is more indicative that the results of the store clerk's check were negative. Nevertheless, the detectives can not be held to have knowledge of the store clerk. If the detectives had in this case, it would have proved the crime that they suspected Brown was committing. Therefore, the stop of the vehicle Brown was a passenger in was lawful.

II. <u>The Officers had Probable Cause to Search the Trunk of the Car for the Firearm and They Also Obtained Consent to Search from the Individual to Whom the Car Belonged.</u>

The defendant also claims that the search of the car's trunk and recovery of the firearm was unlawful. At the time the vehicle was stopped, the officers had reasonable suspicion to believe that Brown had committed a crime, that being unlawfully carrying a concealed weapon. The officers knew that the firearm was somewhere inside the vehicle with the defendant. The facts known to the officers at the time of the stop were also sufficient to establish probable cause. "If probable cause justifies the search of lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Olivera-Mendez*, 484 F.3d 505, 512 (8th Cir. 2007)(quoting, *United States v. Ross*, 456 U.S. 798, 825 (1982)). Even if the Court does not believe that knowledge possessed by the officers at the time of the stop amounted to probable cause, the officers gained more knowledge during the course of the stop that confirmed their suspicion and provided more than enough probable cause to justify a search the entire car for the firearm.

When the officers contacted the defendant he provided them with false identification,

5

Brown claimed that he was Rakin Brown, date of birth January 23, 1989 (18 years old). Officer Rooney knew Brown from prior contacts and he knew Brown's real identity. Officers were then able to confirm his real date of birth, August 14, 1984 (22 years old). The officers were also able to conduct a computer check which revealed Brown's criminal history and outstanding arrest warrants. These facts not only confirmed that Brown committed the state crime of unlawfully carrying a concealed firearm, but it was also revealed that Brown was a convicted felon in possession of a firearm. Therefore, the officers were justified in searching the entire automobile based on a probable cause search for the firearm.

Additionally, the officers obtained verbal consent to search the car from Tiffany Strawn who identified that the car belonged to her. "A warrantless search of a vehicle does not violate the Fourth Amendment if the law enforcement officer first obtains voluntary consent to search." *United States v. Siwek*, 453 F.3d 1079, 1084 (8th Cir. 2006). Thus, the officers' search of the car for the firearm was also justified based upon consent.

## CONCLUSION

The Kansas City, Missouri Police detectives saw the defendant commit a crime, which gave rise to reasonable suspicion to stop the vehicle the defendant was riding in, and led to a lawful search of the car for the firearm based on probable cause and consent. The officers' actions herein were reasonable under the Fourth Amendment. Based on the foregoing reasons, defendant's Motion To Suppress Evidence should be denied.

                              Respectfully submitted,

                              JOHN F. WOOD
                              United States Attorney

By:   /s/ Paul S. Becker
        Paul S. Becker
        Assistant United States Attorney
        Chief, Violent Crimes Strike Force Unit

        /s/ Jess E. Michaelsen
        Jess E. Michaelsen, #52253
        Assistant United States Attorney
        Violent Crimes Strike Force Unit

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on September 20, 2007, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

Ronna Holloman-Hughes
Federal Public Defender
818 Grand, Suite 300
Kansas C ity, MO 64106

                                        /s/ Jess E. Michaelsen
                                        Jess E. Michaelsen
                                        Assistant United States Attorney